### GEORGE HOLBROOK *vs.* HARRISON BLISS.

The Gen. Sts. have not altered the rule in this commonwealth that, in a writ of entry to foreclose a mortgage made to secure the payment of money, the amount due is to be ascertained according to equity and good conscience.

f the assignee of a mortgage made to secure the payment of money, being indebted to the mortgagor, orally agrees with him that he may have the mortgage for the amount of the debt due to him from such assignee, a writ of entry to foreclose the mortgage cannot be maintained for his benefit by one to whom he has subsequently assigned it, upon a secret trust to hold it for him.

WRIT OF ENTRY to foreclose a mortgage. Plea, *nul disseisin*, with a specification that the suit is prosecuted for the benefit of and in secret trust for Henry D. Stone, who, while he had the egal ownership of the mortgage and of the debt secured thereby, agreed with the defendant that the mortgage debt should be set off against a certain debt held by the defendant against him; and that while Stone was owner of the premises the mortgage debt was paid, and that he received accord and satisfaction therefor.

At the trial in this court, before the chief justice, it appeared that the plaintiff was assignee of the original mortgage through several mesne assignments, one of which was on the 10th of December 1857 to said Stone, who remained the lawful owner thereof till after the 1st of February 1858. In January 1858 Stone failed; and the defendant, being a creditor on notes which became barred by the statute of limitations before the commencement of this suit, called upon him and urged him to give security for the debt, and Stone finally agreed with the defendant that the defendant should have the mortgage in question, for the amount of the debt due to him from Stone. The defendant assented to this, and subsequently on several occasions applied to Stone for the mortgage and a transfer of it, and Stone said it was all right, and that he could not deliver the papers then, but would do so. It was not denied that Stone was owner of the mortgage at the time this agreement was made.

There was also evidence in the case which the defendant contended had a tendency to show that the plaintiff held the mortgage on a secret trust for Stone, and that this suit was brought for Stone's benefit; and the chief justice instructed the jury to return a verdict for the defendant, if they found this to be true.

The jury returned a verdict for the defendant, and the question whether the facts offered in proof and relied on by the defendant would constitute a defence was reserved for the determination of the whole court.

*G. F. Verry,* for the plaintiff. These demands were not the subject of set-off against each other. They were not mutual demands arising between the same parties in the same right. Gen. Sts. *c.* 130, §§ 1–7. *Freeman* v. *Lomas,* 9 Hare, 109. The doctrine of set-off is ordinarily the same in equity as at law. *Jackson* v. *Robinson,* 3 Mason, 138. *Howe* v. *Sheppard,* 2 Sumner, 409. *Gordon* v. *Lewis,* Ib. 143, 628. In this case there were no special circumstances which should change the general rule. *James* v. *Kynnier,* 5 Ves. 108. *Dale* v. *Cooke,* 4 Johns, Ch. 11. The agreement gave to the defendant no new right It was without consideration and never executed. *Howe* v

*Lewis,* 14 Pick. 329. *Brolley* v. *Lapham,* 13 Gray, 294. *Scales* v. *Maude,* 35 Eng. Law & Eq. R. 320. It was an agreement to give a preference to one-creditor, and therefore not to be favored. The notes were barred by the statute of limitations.

*G. F. Hoar,* for the defendant. This action cannot be maintained, if there is a valid defence to the mortgage debt. Rev. Sts. *c.* 107, § 29. Gen. Sts. *c.* 113, § 2. Rep. of Com. on Gen. Sts. *c.* 140, *note. Burke* v. *Miller,* 4 Gray, 114. *Stewart* v. *Clark,* 11 Met. 384. *Peck* v. *Hapgood,* 10 Met. 172. *Merriam* v. *Merriam,* 6 Cush. 91. *Wade* v. *Howard,* 11 Pick. 289. A court of equity will set off mutual claims against each other, if there is an understanding, either express or implied, that it shall be done, although they are not in strictness the subject of set-off. 2 Story on Eq. §§ 1435–1437 *a. Jeffs* v. *Wood,* 2 P. W. 128. *Downam* v. *Matthews,* Pre. Ch. 580. *Ex parte Deeze,* 1 Atk. 228. *Ex parte Prescot,* Ib. 230. *Ferris* v. *Burton,* 1 Verm. 439. *Nims* v. *Rood,* 11 Verm. 96. *Foot* v. *Ketchum,* 15 Verm. 258. *Lindsay* v. *Jackson,* 2 Paige, 580. *In re Globe Ins. Co.* 2 Edw. Ch. 625. The above rule applies to this case. *Holden* v. *Gilbert,* 7 Paige, 208. *Chapman* v. *Robertson,* 6 Paige, 627. *Roosevelt* v. *Bank of Niagara,* Hopk. 579.

GRAY, J. The courts of this commonwealth have long been vested with equity powers in cases of writs of entry to foreclose mortgages of real estate.

By the Prov. St. of 10 W. III. *c.* 14, entitled " an act for hearing and determining of cases in equity," the judges of the superior court of judicature and of the inferior court of common pleas, in all cases in which the forfeiture or penalty of any written agreement, " or forfeiture of estates on condition, executed by deed of mortgage, or bargain and sale with defeasance," should be proved by verdict or confession, were empowered " to moderate the rigor of the law, and on consideration of such cases according to equity and good conscience, to chancer the forfeiture, and enter up judgment for the just debt and damages, and to award execution accordingly ; only in real actions upon mortgage, or bargain and sale with defeasance, the judgment to

be conditional that the mortgagor or vendor, or his heirs, execu-. tors or administrators, do pay unto the plaintiff such sum as the court shall determine to be justly due thereupon, within two months' time after judgment entered up for discharging of such mortgage or sale; or that the plaintiff recover possession of the estate sued for, and execution be awarded for the same." Prov. Sts. (ed. 1726,) 109; Anc. Chart. 324. Proceedings under this statute were common in the courts of the Province. *Watts* v. *Hasey*, Quincy, 194. It was reënacted in 1785, and continued to be frequently applied. *St.* 1785, *c.* 22, § 1. *Pitts* v. *Tilden*, 2 Mass. 118, 119. *Ives* v. *Hooper*, 4 Dane Ab. 184.

The jurisdiction given by these statutes, although engrafted upon an action at law, has always been considered as equitable rather than legal, and governed by rules of chancery and not of common law. Upon this ground it was held, as early as 1816, that the mortgagee of a reversion might maintain a writ of entry to foreclose, living the tenant of the particular estate. *Penniman* v. *Hollis*, 13 Mass. 430. A year later, Mr. Justice Jackson said that on a writ of entry brought by a mortgagee, if the party sued claimed to hold the land by any title independent of the supposed mortgage, it might be tried as in a common writ of entry. "But when the party sued has no title but as mortgagor or as assignee of the right of redemption, and does not set up any other title in his defence, the action assumes a different shape, and becomes, in effect, a bill in equity to foreclose the right of redemption. The principal difference between the process in this point of view and the proceedings for the like purpose in the English courts is, that here our statute fixes the time within which the defendant shall pay the sum found due on the mortgage, in order to prevent the foreclosure, instead of leaving it to be limited in such case by the courts." *Walcutt* v. *Spencer*, 14 Mass. 411. Jackson on Real Actions, 49; S. P. Mr. Justice Wilde, who had been a member of this court when those cases were decided, though apparently not present at the time, said many years later, after quoting *Penniman* v. *Hollis*, " The process for foreclosing an equity, although in form an action at law, is in fact a suit in equity; for the demandant is

not entitled to any but a conditional judgment." *Amidown* v. *Peck*, 11 Met. 469. Under the similar but more full provisions of the Revised Statutes upon the same subject, this view has been repeatedly affirmed and acted on by the court. *Peck* v. *Hapgood*, 10 Met. 172. *Pierce* v. *Balkam*, 2 Cush. 376. *Palmer* v. *Fowley*, 5 Gray, 547. This process cannot be maintained by one who has not the legal title in the mortgage. *Adams* v. *Parker*, 12 Gray, 53. But when the mortgage is held by joint tenants, all must join, as in a bill in equity. *Webster* v. *Vandeventer*, 6 Gray, 432. The conditional judgment upon a writ to foreclose a mortgage is conclusive evidence of the amount due on the hearing of a subsequent bill to redeem the land from the mortgage. *Sparhawk* v. *Wills*, 5 Gray, 427, 428.

The Revised Statutes contained two sections which were not in the earlier statutes. Soon after the adoption of the constitution of the Commonwealth, this court decided that under the Prov. St. of 10 W. III., it had no power to enter a conditional judgment upon a mortgage to secure the comfortable support and maintenance of the mortgagee for life; for the reason, as reported by Mr. Dane, that " the contract could not be chancered, there being no rule to ascertain damages by." *Peters* v. *Wilkins*, Rec. 1783, fol. 115–117 ; S. C. 1 Dane Ab. 548, 549. This defect was cured by the insertion of a new section, extending the powers of this court on such a writ of entry to cases in which the condition of the mortgage was for something other than the payment of money. Rev. Sts. *c.* 107, § 6. And it was afterwards held that where the mortgage was made to secure the payment of money and the performance of various duties from time to time, the court might enter any decree *toties quoties*, which might be made in an equity suit, in order to accomplish the purposes of the mortgage, and might issue any process to carry such a decree into effect. *Stewart* v. *Clark*, 11 Met. 389.

Some stress was indeed laid, in that and some other cases decided under the Revised Statutes, upon the other provision, which there appears for the first time, that " in all suits, brought under the provisions of this chapter, either for the redemption

of mortgaged premises, or for the purpose of foreclosing the right of redemption, the court shall have power, as to all things not herein provided for, to make such order, judgment or decree as justice and equity may require, and to issue such process as may be necessary or proper, according to the course of proceedings in chancery." Rev. Sts. *c.* 107, § 29. That section was inserted by the commissioners on the Revised Statutes, (as they state in their report,) to conform to the construction which the court had given to the *St.* of 1798, *c.* 77, § 2, providing for the redemption of mortgages; and appears to have been intended to be declaratory of the law as previously established.

The only doubt of the full equity powers of the court upon a writ of entry to foreclose a mortgage, under the General Statutes, has been occasioned by the omission, in chapter 140 of those statutes, of § 29 of the Rev. Sts. *c.* 107. In a note at the end of the chapter the commissioners who revised the General Statutes say that some decisions referring to that section are cited in the margin of the first section of the chapter; and add, " The former section is omitted, its provisions being covered by chapter 112." The statement of the learned commissioners that the provisions of the omitted section are covered by chapter 112 of their report, (of which so much as relates to equity was transferred to *c.* 113 of the Gen. Sts. as enacted by the legislature,) is hardly accurate; for that section extended to suits in the court of common pleas (or superior court) as well as in this court, and this chapter applies to this court only; and that section expressly included suits commenced by writ of entry, while this chapter is in terms limited to suits in the ordinary chancery forms. Among the cases referred to are those of *Peck* v *Hapgood, Stewart* v. *Clark,* and *Pierce* v. *Balkam,* above cited, neither of which would be of much value in interpreting or applying the provisions of chapter 140, if the equity powers of the court in writs of entry for foreclosure were taken away.

On the other hand, the Gen. Sts. *c.* 140, retain not only the section corresponding to the provisions of the earlier statutes for entering conditional judgment for payment of the amount due upon the mortgage, by virtue of which, as Mr. Justice Jackson

said, the writ of entry "became in effect a bill in equity to fore-
close;" but also the section authorizing the court to vary the
terms of the judgment as the case may require, "when the con-
dition of the mortgage is for something other than the payment
of money;" and add, in recognition of the decision in *Stewart*
v. *Clark*, "or if part payment of the mortgage money is due."
Gen. Sts. *c.* 140, §§ 5, 6.    They also reënact those sections of
the Rev. Sts. *c.* 107, which regulate the proceedings upon suits
in equity for the redemption of mortgages, including the pro-
visions authorizing such a suit to be brought in either court, and
a decree to be made therein for payment of the sum due on the
mortgage, or the performance of any other act which the mort-
gagor is bound to perform for the redemption of the premises.
Gen. Sts. *c.* 140, §§ 23, 25.    There is no principle of construc-
tion, upon which the repeal of a single clause can overthrow a
system of statute law, which existed, and was expressed in apt
words, before that clause was introduced, and independently of it.

Under the Revised Statutes, it was held that the general grant
to this court in *c.* 81, § 8, of the power to hear and determine in
equity "all suits for the redemption of mortgages or to foreclose
the same," must be limited, by a consideration of the provisions
of chapter 107, to legal, as distinguished from equitable, mort-
gages. *Eaton* v. *Green*, 22 Pick. 526.    But the familiar rule of
construction, by the application of which that result was reached,
strongly supports the conclusion that the omission of section 29
of chapter 107 does not materially change the law; and cannot
be better stated for our present purpose than in the words of Mr.
Justice Wilde : " The general system of legislation upon the
subject matter may be taken into consideration, in order to aid
the construction of a statute relating to the same subject, and
all statutes *in pari materia,* whether they be repealed or unre-
pealed, may be considered."    22 Pick. 531.

Within the last ten years the legislature has vested in this
court much chancery jurisdiction which it did not before possess,
including cases of fraud, accident or mistake, "conveyances or
transfers of real estate in the nature of mortgages," and, "ac-
cording to the usage and practice of courts of equity, in all other

cases where there is not a plain, adequate and complete remedy at law." *Sts.* 1855, *c.* 194, § 1; 1856, *c.* 38, § 1; 1857 *c.* 214 Gen. Sts. *c.* 113, § 2. It is possible that the learned commissioners, when penning this note, supposed that this extended jurisdiction in chancery might take the place of some of the powers previously exercised in suits under the statute of mortgages. But the provisions which have been retained will not allow us to give that effect to the omission of the Rev. Sts. *c.* 107, § 29. When the construction of the statutes as passed by the legislature is clear and consistent, it cannot be controlled by suggestions of the commissioners; and, as Mr. Justice Wilde once said, " The question is not what was the intention and meaning of the commissioners as to the provision in question, but what was the intention of the legislature, and this must be determined by the language of the statute." *Baker* v. *Atlas Bank,* 9 Met. 197.

Upon a careful consideration of all the statutes and decisions upon the subject, we have no doubt that since the General Statutes, as before the Revised Statutes, a writ of entry to foreclose a mortgage can be maintained upon such a legal title as would not sustain a writ of entry at common law; and that upon a writ of entry to foreclose a mortgage made to secure the payment of money, the amount due is to be ascertained according to equity and good conscience, and by the same rules as on a bill in chancery to redeem the same mortgage. And such has been the practical construction in cases heretofore determined. *Hart* v. *Goldsmith,* 1 Allen, 147, 148. *Cronin* v. *Hazletine,* 3 Allen, 324. *Kilborn* v. *Robbins,* 8 Allen, 472.

Where several parcels of real estate are subject to one mortgage, their liability to contribute towards its payment cannot be justly and definitively determined in several writs of entry. Upon this ground, a bill was maintained by the owners of two parcels of land subject to one mortgage, who alleged that a third parcel was also liable to contribution, to restrain the prosecution of writs of entry against the complainants. *Kilborn* v *Robbins,* 4 Allen, 369. In the demurrer and the opinion in that case, the right of equitable defence to a writ of entry wa.

inadvertently called an adequate and complete remedy at law; and the *dictum* as to the effect of the omission, in the Gen. Sts., of § 29 of the Rev. Sts. *c.* 107, was not material to the decision upon the demurrer. When it afterwards appeared in the same cause that the parcel not included in the writs of entry was not in fact liable to contribution, the bill was dismissed, and the parties left to ascertain the amount due in the actions previously brought. S. C. 8 Allen, 466.

The question remains, What is the amount equitably due upon this mortgage? The power of a court of chancery to allow a set-off is derived from the civil law, founded on principles of natural equity, and neither created nor limited by statute, although it follows every statute extension of the right of set-off at law. The claims to be set off must be actually, but need not be nominally, mutual; and when parties have agreed for a set-off of their claims upon each other's persons or estates, equity will carry their agreement into effect although, but for the agreement, the debt set off would now be barred by lapse of time. 1 Spence on Eq. 651. *Freeman* v. *Lomas,* 9 Hare, 109. *Baillie* v. *Edwards,* 2 H. L. Cas. 74. *Upham* v. *Wyman,* 7 Allen, 503.

It is true that upon a writ of entry to foreclose a mortgage, under our statutes, the amount to be ascertained is not what would be found due between the parties upon a general settlement of all debts and accounts, but what is due on the mortgage sued on. *Bird* v. *Gill,* 12 Gray, 60. Gen. Sts. *c.* 140, § 5. But any express agreement for a set-off directly affects this amount.

In this case, the jury have found that the plaintiff holds the mortgage by assignment from and in secret trust for Stone, and brings this suit for Stone's benefit; and that Stone, while the owner of the mortgage, and insolvent, agreed with the defendant, who was then and has since continued in possession of the land, that he should have this mortgage for the amount of a debt due from Stone to him. Upon these facts, equity requires that debt to be set off against this mortgage. The instructions to the jury were therefore correct, and according to the terms of the report there must be  *Judgment for the defendant.*